# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH LEE BELL, JR.,**

   **Plaintiff,**

   **v.**                                        **Case No. 14-CV-131**

**WISCONSIN DEPARTMENT OF PROBATION AND
PAROLE AND PO FLORES,**

   **Defendants.**

---

### DECISION AND ORDER ON PLAINTIFF'S
### MOTION TO PROCEED *IN FORMA PAUPERIS*

---

On February 6, 2014, Joseph Lee Bell, Jr. ("Bell") filed a *pro se* complaint against defendants Wisconsin Department of Probation and Parole (the "Department") and PO Flores, alleging sex discrimination, violation of the Equal Protection Clause, and violation of the Americans with Disabilities Act. (Docket # 1.) This matter comes before the court on plaintiff's petition to proceed *in forma pauperis*. From the financial affidavit Bell has given the court, I conclude that he is unable to pay the fees and costs of starting this lawsuit. However, Bell's complaint fails to state a claim on which relief may be granted and thus will be dismissed.

### ALLEGATIONS OF FACT

In his petition and affidavit to proceed *in forma pauperis*, Bell avers that he is not employed. (Docket # 2 at 2.) He also states that he has no dependents and is not currently married. (*Id.*) He does not own a car or a residence. (*Id.*) He avers that he has no other valuable tangible or intangible property. (*Id.* at 3-4.) He has a checking account with a balance of $90.00. (*Id.* at 3.) Bell avers that

his monthly income is $910.00 (from public assistance and disability compensation) and his monthly expenses are $495.41 (his monthly rent is $155.00, cell phone payment is $52.41, groceries are $198.00 and utilities are $90.00). In his complaint, Bell alleges that the Department of Probation and Parole changed his probation officer in order to "have [him] fail [his] term on probation." (Docket # 1 at 4.) Bell alleges sex discrimination, as well as violations of his right to equal protection and the Americans with Disabilities Act. (*Id.* at 4-5.)

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether

a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain " 'detailed factual allegations,'" a complaint that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on Bell's financial statement summarized above, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Bell's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In his complaint, Bell alleges that his probation officer, Flores, called him and told him that he was being assigned a new probation officer. (Docket # 1 at 3.) Bell states that he wishes to file a "sexual discrimination suit" against the Department. (*Id.*) He further states that "[d]ue to the fact that this Department planned to have my [sic] fail my term on probation [ ] [b]y illegally trying to change my probation officer Flores by lying to her on purpose to undermine her full authority over my person which is a legal constitution [sic] violation of my equal protection of the law clause." (*Id.* at 4.) He also states that the Department violated his rights under the Americans with Disabilities Act. (*Id.* at 5.)

Regarding the sex discrimination claim, Bell does not allege that he was discriminated against based on his sex. Rather, it appears that Bell is alleging that his probation officer, Flores, was discriminated against based on her sex. Bell cannot file a complaint for sex discrimination on Flores' behalf. Further, besides making the statement that his rights under the Equal Protection Clause and the Americans with Disabilities Act were violated, he pleads no facts in support of either claim. Thus,

even under a liberal construction, Bell's complaint fails to state a claim on which relief may be granted and will be dismissed.

## ORDER

**IT IS HEREBY ORDERED** that Bell's petition to proceed *in forma pauperis* (Docket # 2) is **DENIED** and his case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 18th day of March, 2014.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge